**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

TELEFÓNICA, S.A.,
Gran Vía 28,
28013 Madrid, Kingdom of Spain,

                         *Petitioner*,

      v.

REPUBLIC OF COLOMBIA,
Agencia Nacional de Defensa Jurídica del
Estado
Carrera 7 No. 75-66
Bogotá, Colombia,

                         *Respondent*.

Civil Action No. 1:26-cv-01930

## PETITION TO RECOGNIZE AND ENFORCE A FOREIGN ARBITRAL AWARD

**WHITE & CASE**
Nicolle Kownacki (D.C. Bar No. 1005627)
Sofya Cherkasova (D.C. Bar No. 6113260)
701 Thirteenth Street, NW
Washington, DC 20005
Phone: (202) 626-3600
Fax: (202) 639-9355
nkownacki@whitecase.com
scherkasova@whitecase.com

June 2, 2026

*Counsel for Telefónica, S.A.*

## OVERVIEW

1.      Petitioner Telefónica, S.A. ("Telefonica"), by and through its undersigned counsel, hereby submits this petition to recognize and enforce a foreign arbitral award pursuant to 22 U.S.C. § 1650a and Article 54 of the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention").  This Petition is supported by the Declaration of Nicolle Kownacki ("Kownacki Decl.") and accompanying exhibits.

2.      Specifically, Telefonica seeks recognition and enforcement of a final, binding arbitral award rendered on November 12, 2024, in *Telefonica, S.A. v. Republic of Colombia*, ICSID Case No. ARB/18/3 (the "Award"), an international arbitration proceeding before the International Centre for Settlement of Investment Disputes ("ICSID") in accordance with the ICSID Convention and the Rules of Procedure for Arbitration Proceedings of ICSID in force since April 10, 2006 (the "ICSID Arbitration Rules"), the Rules in effect at the time parties consented to arbitration.  A certified copy of the Award is attached as Exhibit 1 to the Kownacki Declaration.

3.      Pursuant to the Arbitral Tribunal's findings as stated in the Award, Respondent, the Republic of Colombia ("Colombia"), violated its obligation to accord fair and equitable treatment to Telefonica's investments under Article 2(3) of the Agreement between the Kingdom of Spain and the Republic of Colombia for the Promotion and Reciprocal Protection of Investments, signed March 31, 2005 (the "BIT") (Kownacki Decl., Ex. 2).  Colombia is liable to Telefonica for damages of US $379,804,275.55 in principal, plus interest at 5% compounded annually from August 29, 2017, until the date of full payment, plus €4,300,824.32 in legal costs, plus interest on that amount at 4.25% compounded annually from the date of the Award until the date of full payment.  As of the present date, Colombia has not paid any part of the Award.

## PARTIES, JURISDICTION, AND VENUE

4.      Telefonica is a company incorporated under the laws of the Kingdom of Spain.

5.      Colombia is a "foreign state" within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1603(a).

6.      This Court has jurisdiction over this proceeding under 28 U.S.C. § 1330(a)-(b), as it is an action against a foreign state.

7.      This Court has personal jurisdiction over Colombia pursuant to 28 U.S.C. § 1330(b), which provides that this Court may exercise personal jurisdiction over a foreign state in an action with respect to which the foreign state is not entitled to sovereign immunity under 28 U.S.C. §§ 1605-1607.  Colombia does not enjoy sovereign immunity from this action, because the FSIA's "arbitration exception" applies to actions such as this, where Petitioner seeks to "confirm an award made pursuant to . . . an agreement to arbitrate" (*i.e.*, Telefonica's acceptance of Colombia's offer to arbitrate in the BIT) and the Award is "governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards" (*i.e.*, the ICSID Convention).  28 U.S.C. § 1605(a)(6); *see also NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, 112 F.4th 1088, 1100 (D.C. Cir. 2024) ("To proceed under this clause of the FSIA's arbitration exception . . . a district court must find three 'jurisdictional facts': (1) an arbitration agreement, (2) an arbitration award, and (3) a treaty potentially governing award enforcement." (citing *Chevron Corp. v. Republic of Ecuador*, 795 F.3d 200, 204 & n.2)).  In addition, Colombia has made "implied waiver" of sovereign immunity by agreeing to arbitrate this dispute.  *See* 28 U.S.C. § 1605(a)(1).

8.      This Court also has subject matter jurisdiction under 28 U.S.C. § 1331 and pursuant to Article 54 of the ICSID Convention, which directs contracting states to recognize ICSID arbitral

awards and enforce pecuniary obligations imposed thereunder as if they were "a final judgment of a court in that State." ICSID Convention, Art. 54 (Kownacki Decl., Ex. 3). The United States is a contracting state to the ICSID Convention and has adopted implementing legislation to give full faith and credit to arbitral awards rendered under the ICSID Convention. *See* 22 U.S.C. § 1650a(a). Colombia is also a contracting state to the ICSID Convention. *See* ICSID, List of Contracting States and Other Signatories of the Convention (indicating Colombia signed the ICSID Convention on May 18, 1993, and the ICSID Convention entered into force for Colombia on August 14, 1997), available at https://icsid.worldbank.org/about/member-states/database-of-member-states (last visited June 2, 2026). In the United States, the federal district courts have exclusive jurisdiction over actions to enforce ICSID arbitral awards. 22 U.S.C. § 1650a(b).

9.     Venue is proper in this Court because, under the FSIA, a civil action may be brought "in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof." 28 U.S.C. § 1391(f)(4).

## THE DISPUTE

### Telefonica's Investment in Colombia

10.     The dispute arises from a series of measures taken by Colombia that frustrated Telefonica's legitimate expectations with respect to its investment in the Colombian telecommunications sector.

11.     The arbitration agreement is set forth in Article 10 of the BIT, which provides that any investment dispute between a Contracting Party and an investor of the other Contracting Party "may be submitted" at the choice of the investor to, *inter alia*, an arbitration before ICSID. BIT,

3

Art. 10(3)(c). Colombia gave its "advance and irrevocable consent" to submit any such dispute to arbitration. BIT, Art. 10(6).

12. The dispute concerns three Concession Contracts (Nos. 000001, 000002, and 000003, dated March 28, 1994) for the provision of mobile cellular telephone services in Colombia (the "Concession Contracts"), originally entered into between the Colombian Ministry of Communications (later the Ministry of Information and Communications Technologies, "MinTIC") and ColTel. Award ¶ 5. Telefonica acquired its interest in ColTel in 2004 through the purchase of BellSouth Colombia S.A., the then-concession holder. *Id*. at iv.

13. At the time Telefonica made its investment, Colombian law—specifically Article 4 of Law 422 of 1998 and Article 68(4) of Law 1341 of 2009 (together, the "Reversion Clarification")—provided that, upon expiration of telecommunications concession contracts, only the radioelectric spectrum would revert to the State, and not the other assets and equipment deployed by the concessionaires. *Id*. ¶ 260. This legal framework had been consistently applied and confirmed by Colombian executive and legislative authorities for approximately 15 years. *Id*. ¶ 442.

14. In August 2013, the Colombian Constitutional Court issued Judgment C-555 (the "C-555 Judgment"), which declared unconstitutional the application of the Reversion Clarification to concession contracts signed before the entry into force of Laws 422 and 1341 (*i.e.*, before January 13, 1998). The C-555 Judgment was published in its entirety only in February 2014, on the eve of the expiration of ColTel's Concession Contracts. *Id*. ¶ 434. On March 27, 2014, MinTIC issued Resolution No. 597, by which it renewed ColTel's permit for the use of the radio spectrum but conditioned the right to use the concession assets on the payment of financial consideration for their use. *Id*. ¶ 256(iii). ColTel objected to this arrangement, maintaining that

4

the assets were not subject to reversion under the Reversion Clarification and therefore not the State's to charge for. Between 2014 and 2016, the parties engaged in several rounds of negotiations, seeking to agree on the mutually acceptable terms for winding down the Concession Contracts. *Id.* ¶ 256(iv). However, those negotiations failed, as MinTIC insisted on the full reversion of all of ColTel's assets. *Id.*

15. On February 16, 2016, MinTIC initiated domestic arbitration proceedings against ColTel, demanding the reversion of *all* of ColTel's assets (not merely the radioelectric spectrum). *Id.* ¶ 256(v).

16. On July 25, 2017, the domestic arbitral tribunal issued a Domestic Award ordering ColTel to pay the equivalent of the value of the assets directly related to the Concession Contracts purportedly subject to reversion, in the total amount of COL $1,651,012,000,000 (approximately US $547 million at the time of the Domestic Award). *Id.* ¶ 459.

17. On August 29, 2017, Telefonica was compelled to capitalize ColTel in order to enable ColTel to pay the Domestic Award. Telefonica disbursed US $379,804,275.55, a percentage of the Domestic Award damages corresponding to its 67.5% ownership interest in ColTel. *Id.* ¶¶ 459–60.

### ICSID Arbitration

18. On February 1, 2018, Telefonica filed a Request for Arbitration with ICSID, asserting that Colombia's measures—including the C-555 Judgment, Resolution No. 597, the conduct of the State between 2014 and 2016 in negotiating the winding down of the Concession Contracts, and the conduct of the State in connection with the domestic arbitration—violated Colombia's obligations under the BIT, including in particular the obligation to accord fair and equitable treatment to Telefonica's investments under Article 2(3) of the BIT. *Id.* ¶¶ 6, 256.

5

19.     On February 20, 2018, the ICSID Secretary-General registered the Request for Arbitration.  The Arbitral Tribunal was constituted on February 26, 2019, and was composed of Dr. José Emilio Nunes Pinto (President, national of Brazil), Prof. Horacio A. Grigera Naón (Arbitrator, national of Argentina, appointed by Telefonica), and Dr. Yves Derains (Arbitrator, national of France, appointed by Colombia).  *Id.* ¶¶ 9–10.

20.     The arbitration was conducted under the ICSID Convention and the ICSID Arbitration Rules, with Spanish as the language of the proceedings and Washington, D.C. as the place of the proceedings.  *Id.* ¶ 13.  The proceedings included the exchange of multiple rounds of written submissions, a document production phase, and a hearing on jurisdiction and merits held by videoconference between April 19 and April 25, 2021, followed by a closing-arguments hearing on July 27, 2021.  *Id.* ¶¶ 35–39.

21.     Throughout the arbitration, both parties had a full and equal opportunity to be heard and were subject to fair proceedings.  Both parties were represented by counsel.

22.     Colombia raised four jurisdictional and admissibility objections: (i) Telefonica's claims were purely contractual in nature; (ii) the claims had been resolved with *res judicata* effect by the Domestic Award; (iii) Telefonica had not demonstrated that the C-555 Judgment constituted a denial of justice; and (iv) Telefonica had not established a *prima facie* violation of the BIT.  *Id.* ¶ 43.  Colombia did not challenge the existence or validity of the arbitration agreement contained in Article 10 of the BIT.  As to the merits, Colombia denied that it had committed any violations of the protections of the BIT, including its obligations under Article 2(3) of the BIT to provide fair and equitable treatment, to provide full protection and security, and to refrain from adopting arbitrary and discriminatory measures, as well as its obligation under Article 4(1) of the BIT not to unlawfully expropriate Telefonica's investment.  *Id.* ¶¶ 177, 253, 317, 329, 346.

23.    The Tribunal issued the Award on November 12, 2024, holding unanimously in Telefonica's favor.  First, the Tribunal rejected all four jurisdictional and admissibility objections in full and declared that it had jurisdiction to hear and decide the dispute.  *Id*. ¶ 176.  And on the merits, the Tribunal found that Colombia violated its obligation to accord fair and equitable treatment to Telefonica's investments under Article 2(3) of the BIT.  In particular, the Tribunal found that Telefonica had legitimate expectations that the Reversion Clarification, which had limited asset reversion to the radioelectric spectrum, would apply to the Concession Contracts—based on the consistent conduct of Colombian executive and legislative authorities over approximately 15 years.  *Id*. ¶¶ 441–42.  The Tribunal found that the C-555 Judgment constituted a drastic modification of the applicable regulatory framework and, together with the subsequent measures taken by Colombia, frustrated Telefonica's legitimate expectations, in violation of the fair and equitable treatment protections of the BIT.  *Id*. ¶ 456.  Having established Colombia's liability for breach of the fair and equitable treatment standard, the Tribunal found it unnecessary to address other violations of the BIT presented by Telefonica.  *Id*. ¶ 457.

24.    The Tribunal awarded Telefonica the following amounts: (a) US $379,804,275.55 in principal compensation, corresponding to the amount Telefonica was compelled to disburse to capitalize ColTel in order to pay the Domestic Award; (b) interest on the foregoing at 5% per annum, compounded annually, from August 29, 2017, until the date of full payment; (c) €4,300,824.32 in legal costs to reimburse Telefonica 70% of its legal fees; and (d) interest on the foregoing at 4.25% per annum, compounded annually, from the date of the Award until the date of full payment.  *Id*. ¶ 535.  The Tribunal denied Telefonica's claims for reimbursement of the costs incurred by ColTel in the domestic arbitration and for a tax gross-up.  *Id*. ¶¶ 509, 519. The Tribunal also determined that the costs of the ICSID arbitration proceedings shall be borne in

equal shares by the parties, and that all other costs and expenses incurred by the parties shall be borne by each party respectively.  *Id.* ¶ 535(g-h).

25.    To date, Colombia has not paid any part of the Award.

### Annulment Proceedings

26.    On November 27, 2024, Colombia filed an application for annulment of the Award with ICSID pursuant to Article 52 of the ICSID Convention.  On January 9, 2026, the ICSID *Ad Hoc* Committee issued a decision granting Colombia a stay of enforcement of the Award conditioned upon Colombia providing an irrevocable bank guarantee in favor of Telefonica in the amount of US $379,804,275.55 plus €4,300,824.32.  *See* Decision of the *Ad Hoc* Committee dated January 9, 2026 (Kownacki Decl., Ex. 4).  Colombia failed to provide the required guarantee by the deadline of February 9, 2026, set by the *Ad Hoc* Committee.  On March 5, 2026, the Committee issued a further decision granting Colombia an additional 30-day period to provide the guarantee and determining that the stay of enforcement would be immediately lifted if the guarantee was not provided within that period.  *See* Decision of the *Ad Hoc* Committee dated March 5, 2026 (Kownacki Decl., Ex. 5).  Colombia again failed to provide the guarantee, and accordingly the stay of enforcement was lifted as of April 4, 2026.  On April 6, 2026, Colombia requested that the Committee reconsider its decision conditioning the stay on the provision of the bank guarantee. *See* Colombia Letter to the *Ad Hoc* Committee dated April 6, 2026 (Kownacki Decl., Ex. 6).  On April 8, 2026, the Committee denied Colombia's request, in effect confirming that the stay of enforcement had been lifted.  *See* Email Exchanges between Colombia, Petitioner, and the *Ad Hoc* Committee dated March 5–April 8, 2026 (Kownacki Decl., Ex. 7).

27.    The Award is final and binding upon the parties pursuant to Article 53(1) of the ICSID Convention, which provides that "[t]he award shall be binding on the parties and shall not

be subject to any appeal or to any other remedy except those provided for in this Convention." The pendency of annulment proceedings does not affect the binding character of the Award or Telefonica's right to seek enforcement thereof, as the stay of enforcement has been lifted. *See Tethyan Copper Co. Pty v. Islamic Republic of Pak.*, 590 F. Supp. 3d 262, 277 (D.D.C. 2022) (denying motion to stay or dismiss petition to enforce ICSID award where annulment committee's stay of enforcement had been lifted, and holding that the award was entitled to full faith and credit under 22 U.S.C. § 1650a(a)).

## CLAIM FOR RELIEF

28.     The United States and Colombia are contracting states to the ICSID Convention. 22 U.S.C. § 1650a(a) provides that "[t]he pecuniary obligations imposed by [an award issued pursuant to the ICSID Convention] shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States."  Article 54 of the ICSID Convention provides that "[e]ach Contracting State shall recognize an award pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State."

29.     There are no recognized defenses under the ICSID Convention, and Petitioner is not required to meet the Federal Arbitration Act's jurisdictional requirements, as that Act does not apply to "enforcement of awards rendered pursuant to the [ICSID] convention."  22 U.S.C. § 1650a(a).

30.     Accordingly, pursuant to 22 U.S.C. §1650a and Article 54 of the ICSID Convention, Petitioner requests that this Court confirm and recognize the Award.  Petitioner also requests that this Court enter judgment in favor of Petitioner and against Colombia in the amounts stated in the Award.

9

31.     Specifically, as explained above, under the terms of the Award, Petitioner is entitled to damages in the amount of US $379,804,275.55, plus interest on that amount at the rate of 5% as from August 29, 2017, until the date of full payment, compounded annually.

32.     In addition, as also explained above, under the terms of the Award, Petitioner is entitled to reimbursement of €4,300,824.32 for attorney's fees, plus compound interest on that amount at the rate of 4.25% as from November 12, 2024, until the date of full payment.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests an order:

1.     Confirming the Award pursuant to 22 U.S.C. § 1650a and Article 54 of the ICSID Convention.

2.     Entering judgment in favor of Petitioner and against Respondent in accordance with the Award for US $379,804,275.55, plus interest on that amount at the rate of 5% as from August 29, 2017, until the date of full payment, compounded annually.

3.     Entering judgment in favor of Petitioner and against Respondent in accordance with the Award for €4,300,824.32 for attorney's fees, plus compound interest on that amount at the rate of 4.25% as from November 12, 2024, until the date of full payment.

4.     Entering judgment for Petitioner and against Respondent for post-judgment interest on the above amounts at the rate specified in the Award until payment in full of the sums due.

5.     Ordering Respondent to bear the costs of this proceeding.

6.     Granting such other relief as the Court deems just and proper.

Dated: June 2, 2026
Washington, D.C.

Respectfully submitted,

**WHITE & CASE**


/s/ *Nicolle Kownacki*
Nicolle Kownacki (D.C. Bar No. 1005627)
Sofya Cherkasova (D.C. Bar No. 6113260)
701 Thirteenth Street, NW
Washington, DC 20005
Phone:  (202) 626-3600
Fax: (202) 639-9355
nkownacki@whitecase.com
scherkasova@whitecase.com

*Counsel for Telefónica, S.A.*

11